**UNITED STATES of America**

**v.**

**Rayful EDMOND, III, et al.**

**Crim. No. 89–0162.**

United States District Court,
District of Columbia.

Aug. 30, 1989.

Jay B. Stephens, U.S. Atty. for the District of Columbia, Betty Ann Soiefer, Rob-

---

ert Andary and Barry Tapp Asst. U.S. Attys., for the U.S.

Cynthia W. Lobo, Washington, D.C., for Melvin Butler.

Ernest W. McIntosh, Washington, D.C., for Willie Childress.

Catherine Brown, Washington, D.C., for Keith Cooper.

Arthur M. Levin, Wash., D.C., for Columbus Daniels.

William Garber, Washington, D.C., for Rachelle Edmond.

Vincent Bowers, Washington, D.C., for Ronald Green.

Joseph Virgilio, Washington, D.C., for Robert Hardy.

Elise Haldane, Washington, D.C., for James Antonio Jones.

Leroy Nesbitt, Washington, D.C., for Tony Lewis.

John Drury, Drury and Brennan, Washington, D.C., for Deatria Lindsay.

Michelle A. Roberts, Washington, D.C., for Patrick McDonald.

Thomas Slawson, Washington, D.C., for Bernice Hillman–McGraw.

Robert Werdig, Washington, D.C., for David McGraw.

Joseph Conte, Washington, D.C., for Jerry Millington.

Leonard Long, Washington, D.C., for John Monford.

Robert Sanders, Washington, D.C., for Armaretta Perry.

W. Gary Kohlman, Washington, D.C., for Constance Perry.

Sol Rosen, Washington, D.C., for Melvin Stewart.

Diane Lepley, Washington, D.C., for Emanuel Sutton.

Retna Pullings, Washington, D.C., for Jeffrey Thompson.

Nina Kraut, Washington, D.C., for Rayniece Edmond Thompson.

Idus Daniel, Washington, D.C., for Katrina Wade.

William H. Murphy, Jr., Baltimore, Md., for Rayful Edmond III.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

On August 25, 1989, the Court issued an Order announcing the Court's decision to withhold from both counsel and defendants the identities and addresses of the members of the jury. In addition, the Court announced that it would sequester the jury during trial and deliberations. The Court's reasons for these decisions follow.

■ Preservation of the anonymity of a jury is appropriate when there exists realistic threats of violence or jury corruption. *United States v. Barnes*, 604 F.2d 121, 141 (2nd Cir.1979), *cert. denied*, 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980); *United States v. Scarfo*, 850 F.2d 1015, 1023 (3rd Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 263, 102 L.Ed.2d 251 (1988); *In re the Baltimore Sun Co.*, 841 F.2d 74, 76 n. 5 (4th Cir.1988). The Court need not wait for the occurrence of an untoward event before concluding that the threat of violence is realistic. To sit back and wait would "prove the adage of the futility of locking the barn door after the horse has escaped." *Barnes*, 604 F.2d at 137. Instead, the Court can find a realistic threat of violence based upon violent acts allegedly attributed to members of an illegal enterprise. *United States v. Persico*, 832 F.2d 705, 717 (2nd Cir.1987), *cert. denied*, *Russo v. United States*, —— U.S. ——, 108 S.Ct. 1995, 100 L.Ed.2d 227 (1988). Here, a realistic threat of violence is present as all defendants are allegedly members of a drug conspiracy that resorted to violence in order to achieve the conspiracy's ends.

■ Preservation of juror anonymity will not impair the ability of the defendants to obtain a fair and impartial jury. The demeanor of members of the venire along with their responses to the various questions asked of them during the *voir dire* process will provide each defendant with sufficient information to intelligently make

peremptory challenges and challenges for cause during the jury selection process.

To say [that the preservation of juror anonymity] constitute[s] a denial of the right to an intelligent exercise of the challenge is to underestimate the ability of counsel to gain the same, or substantially the same, insights into the prospective juror's thoughts by observing his [or her] demeanor, generally, and by listening to the answers to questions concerning family, education, and other matters ... as one might gain by being informed of a person's [name or] residence address. . . .

*Barnes*, 604 F.2d at 142; *see also Persico*, 832 F.2d at 717 (explaining that judge's "searching *voir dire* ... alleviated the risk that providing jurors with anonymity would cast unfair aspersions on [defendants]").

■ It should be noted that revelation of the identities of jurors may well have a deleterious effect on their impartiality. Disclosure of their identities would invariably lead to investigations of juror's homes, neighborhoods, and families. These investigations would most probably have the effect of destroying "any semblance of an impartial jury. Fear of retaliation against themselves or members of their families w[ill] inevitably ... be[ ] uppermost in [the jurors'] minds during their deliberations" as a result of these investigations. *Barnes*, 604 F.2d at 141.

Finally, as a practical matter, the anonymity of the jurors selected to serve in this case will not be preserved unless they are sequestered during the trial in view of the close public scrutiny that this case is expected to generate. Accordingly, the Court has decided to sequester the jury during the trial and their deliberations.